# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARK MOOR,

    *Petitioner*,

vs.

JAMES BACA, *et al.*,

    *Respondents*.

3:10-cv-00401-ECR-RAM

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's motion (#5) for appointment of counsel, following initial review of the amended petition (#9).

Petitioner Mark Moor is serving a life sentence with the possibility of parole on his 1994 Nevada state conviction, pursuant to a guilty plea, for using a minor in the production of pornography. Moor was released on parole in April 2000, but his parole was revoked in June 2002 for violating terms and conditions of his parole. After parole was denied in 2005, Moor challenged the denial of parole on, *inter alia*, due process and *ex post facto* grounds. The *ex post facto* claim was based upon the application of a psychological review panel evaluation requirement to him under a 1997 amendment to N.R.S. 213.1214. The Ninth Circuit affirmed this Court's denial of federal habeas relief on these claims in its published decision in *Moor v. Palmer*, 603 F.3d 658 (9th Cir.), *cert. denied*, ___ U.S. ___, 131 S.Ct. 609, 178 L.Ed.2d 444 (2010)(*Moor I*). This Court had not appointed counsel for the district court in that matter, but the Ninth Circuit directed the appointment of counsel for the appeal, with Ryan Norwood, Esq., with the Federal Public Defender appearing as counsel for petitioner.

In the present case, petitioner challenges a 2008 parole denial based upon due process and *ex post facto* claims that are similar to those rejected by the Ninth Circuit in its

published decision. The similarity of the claims raises the prospect that the current claims potentially may be barred by collateral estoppel and/or law of the circuit, given the rejection of the prior claims in a published opinion. *See generally United States v. Washington*, 593 F.3d 790, 798 n.9 (9th Cir. 2010)(law-of-the-circuit rule). If, on the other hand, petitioner potentially may be able to present, in particular, an *ex post facto* claim that arguably is not foreclosed by the Ninth Circuit's decision in *Moor I*, issues potentially then may arise as to the exhaustion of such a claim and its factual basis, relation back to prior pleadings, and potential procedural default ramifications. Questions also potentially may arise as to mootness and related issues given that petitioner apparently will be considered again for parole in 2011.

Given the potentially complicated and nuanced procedural issues presented, as well as the fact that, absent parole, petitioner is incarcerated under a life sentence, the Court finds that the interests of justice warrant the appointment of counsel.

IT THEREFORE IS ORDERED that the motion (#5) for appointment of counsel is GRANTED. The counsel appointed will represent petitioner in all proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

IT FURTHER IS ORDERED that the Federal Public Defender shall be provisionally appointed as counsel and shall have thirty (30) days to undertake direct representation of petitioner or to indicate an inability to do so. If the Federal Public Defender is unable to represent petitioner, the Court then shall appoint alternate counsel. A deadline for the filing of an amended petition will be set after counsel has entered an appearance. The Court anticipates setting the deadline for ninety (90) days based upon the current record and potential counsel's familiarity with the prior case. **In this regard, the Federal Public Defender should note that Ryan Norwood, Esq., appeared for petitioner on the appeal in the related prior action in 3:07-cv-00151-BES-RAM.**

IT FURTHER IS ORDERED, so that the respondents may be electronically served with any papers filed through counsel, that the Clerk of Court shall add Attorney General Catherine Cortez Masto as counsel for respondents and shall make informal electronic service of this order upon respondents by directing a notice of electronic filing to her. Respondents' counsel

1 shall enter a notice of appearance within twenty (20) days of entry of this order, but no further
2 response shall be required from respondents until further order of this Court.
3      The Clerk of Court accordingly shall send a copy of this order (together with an
4 attachment with copies of ## 3, 6 & 9) to the *pro se* petitioner, the Attorney General, the
5 Federal Public Defender, and the CJA Coordinator for this Division.
6      DATED:   January 27, 2011

_____
EDWARD C. REED
United States District Judge